EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.P., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; [FIRST | ) |
| NAME UNKNOWN] JONES, in her individual | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1.     J.P. served a sentence in the Bureau of Prisons and was housed at Federal Corrections Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for nearly two years.

2.     While housed at FCI Dublin, Plaintiff J.P. experienced sexual harassment and abuse.

*J.P. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 1

3. Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4. Plaintiff J.P. is currently battling long-lasting traumatization.

## JURISDICTION AND VENUE

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff J.P. will list this case on the bi-monthly list that will be submitted to the Court to relate this case to those other cases.

## PARTIES

9. Plaintiff J.P. was at all times relevant here incarcerated in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin"). FCI Dublin is a federal female low-security correctional institution.

11. Defendant [First Name Unknown] Jones was a Correctional Lieutenant at FCI Dublin. She is sued in her individual capacity.

12. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff J.P. Plaintiff J.P. was dependent upon Defendant United States for her personal security and necessities.

13. In performing the acts and/or omissions contained herein, Defendant Jones acted under color of federal law, and Plaintiff J.P. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff J.P. The United States knew or should have known that Defendant Jones' conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff J.P. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendants United States and Jones failed to take steps to protect Plaintiff J.P. and to ensure her rights to safety from sexual abuse.

**FACTS**

14. Plaintiff J.P. was incarcerated at FCI Dublin beginning in June 2022 until the facility was shut down in April 2024.

15. She witnessed officers being overly friendly and inappropriate with prisoners from the moment she arrived. Then, she herself was sexually assaulted.

16. In July 2023, Plaintiff J.P. was standing in the yard with four other prisoners.

17. Defendant Jones approached the group and took Plaintiff J.P. to the bathroom to pat her down.

18. When Defendant Jones patted Plaintiff J.P. down, she thoroughly groped her right breast.

19. Plaintiff J.P. had been subjected to many pat-down searches that were performed properly and in a professional manner.

20. Defendant Jones' groping of her right breast was completely inappropriate and performed for her own sexual gratification rather than any penological purpose.

21. Plaintiff J.P. felt uncomfortable and violated.

22. Plaintiff J.P. was worried about reporting the abuse because she feared retaliation.

23. However, the abuse caused her significant mental distress and she felt like she could not keep it to herself.

24. She ultimately confided in a teacher that she felt she could trust.

*J.P. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 3

25. The teacher told her to report the misconduct and took her to the psychologist's office and then to medical.

26. In medical, she filled out a Prison Rape Elimination Act ("PREA") report.

27. After filing the PREA report, Plaintiff J.P. became very anxious and depressed.

28. She felt like her whole life was over and that she would be retaliated against, punished, picked on, or worse, that she would be labeled a snitch—a label that in prison can be very dangerous.

29. Plaintiff J.P. sought out counseling or therapy, but there was none at FCI Dublin.

30. After filing the PREA report, Plaintiff J.P. began getting write-ups for minor infractions. Officers did not typically give write-ups for these types of infractions, and Plaintiff J.P. understood that this was in retaliation for making her PREA report.

31. One day, Plaintiff J.P.'s depression and anxiety were so severe that she sought out a correctional counselor to talk to.

32. She went to the counselor's office, but she was not there.

33. Hopeless and distraught, Plaintiff J.P. ingested drugs hoping to die. She blacked out, was given several rounds of Narcan, regained consciousness, and was placed in the Special Housing Unit ("SHU").

34. She was not provided with any medical treatment, monitoring, or mental health treatment.

35. Plaintiff J.P. spent nearly a month in the SHU.

36. While there, she attempted suicide by hanging herself.

37. After her release from the SHU, the write-ups for things she had not done or for petty infractions intensified.

38. Whereas in Aliceville, she had received only two write-ups in two years, in Dublin, Plaintiff J.P. received nearly 20 write-ups, which in turn resulted in more SHU time and worsening despair.

39. Her mental health continued declining, and she was placed on an antidepressant, despite never having been on one prior to this sexual assault and retaliation.

*J.P. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 4

40. She now resides at FCI Waseca and continues to feel helpless and out of control.

**EXHAUSTION**

41. On February 27, 2025, Plaintiff J.P., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

42. The BOP acknowledged receipt on March 10, 2025.

43. The BOP has not substantively responded to her claim.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.4)**

44. Plaintiff J.P. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

45. Plaintiff J.P. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employee Defendant Jones.

46. The United States is named as a defendant for the acts of this individual employee under the Federal Tort Claims Act.

47. This federal employee engaged in the wrongful conduct alleged while in the course and scope of her employment as a federal employee.

48. Her position as a correctional officer was essential to her commission of tortious misconduct, which could not have occurred absent her federal employment.

49. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

50. Defendant Jones discriminated against Plaintiff J.P. based on her gender when she sexually abused her by physically subjecting her to sexual acts.

51. By these acts, Defendant Jones caused Plaintiff J.P. physical, mental, and emotional injuries as well as injury to her personal dignity.

## SECOND CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant Jones)
### (Cal. Civ. Code § 52.4)

52. Plaintiff J.P. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

53. Plaintiff J.P. brings this claim for gender violence under California Civil Code § 52.4 against Defendant Jones.

54. This federal employee engaged in the wrongful conduct alleged while in the course and scope of her employment as a federal employee.

55. Her position as a correctional officer was essential to her commission of tortious misconduct, which could not have occurred absent her federal employment.

56. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

57. Plaintiff has a nonfrivolous argument that Defendant Jones bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

58. Defendant Jones discriminated against Plaintiff J.P. based on her gender when she sexually abused her by physically subjecting her to sexual acts.

59. By these acts, Defendant Jones caused Plaintiff J.P. physical, mental, and emotional injuries as well as injury to her personal dignity.

## THIRD CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendant United States)
### (FTCA; California Common Law)

60. Plaintiff J.P. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

61. Plaintiff J.P. brings this claim for sexual assault under the Federal Tort Claims Act for violation of Plaintiff's rights established by California common law against the United States based on the conduct of its employee Defendant Jones.

62. This federal employee engaged in the wrongful conduct alleged while in the course and scope of her employment as a federal employee.

63. Her position as a correctional officer was essential to her commission of tortious misconduct, which could not have occurred absent her federal employment.

64. Defendant Jones violated Plaintiff J.P.'s right to be free from sexual assault by sexually abusing her while she was incarcerated.

65. Defendant Jones' sexual abuse of Plaintiff J.P. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

66. Defendant Jones subjected Plaintiff J.P. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff J.P.'s person.

67. By intentionally subjecting Plaintiff J.P. to sexual acts, Defendant Jones acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

68. By subjecting Plaintiff J.P. to sexual acts, Defendant Jones caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FOURTH CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant Jones)**
**(California Common Law)**

69. Plaintiff J.P. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

70. Plaintiff J.P. brings this claim for sexual assault for violation of Plaintiff's rights established by California common law against Defendant Jones.

71. Defendant Jones violated Plaintiff J.P.'s right to be free from sexual assault by sexually abusing her while she was incarcerated.

72. Defendant Jones' sexual abuse of Plaintiff J.P. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

73. Defendant Jones subjected Plaintiff J.P. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff J.P.'s person.

74.   By intentionally subjecting Plaintiff J.P. to sexual acts, Defendant Jones acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

75.   By subjecting Plaintiff J.P. to sexual acts, Defendant Jones caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

### FIFTH CLAIM FOR RELIEF
### SEXUAL BATTERY
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 1708.5)

76.   Plaintiff J.P. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

77.   Plaintiff J.P. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code section 1708.5 against the United States for the conduct of its employee Defendant Jones.

78.   This federal employee engaged in the wrongful conduct alleged while in the course and scope of her employment as a federal employee.

79.   Her position as a correctional officer was essential to her commission of tortious misconduct, which could not have occurred absent her federal employment.

80.   Defendant Jones committed sexual battery against Plaintiff J.P. by sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

81.   The sexual abuse of Plaintiff J.P., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

82.   Defendant Jones subjected Plaintiff J.P. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff J.P.'s person.

### SIXTH CLAIM FOR RELIEF
### SEXUAL BATTERY
### (against Defendant Jones)
### (Cal. Civ. Code § 1708.5)

83.   Plaintiff J.P. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

84.     Plaintiff J.P. brings this claim for sexual battery under California Civil Code § 1708.5 for violation of Plaintiff's rights against Defendant Jones.

85.     Defendant Jones committed sexual battery against Plaintiff J.P. by sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

86.     The sexual abuse of Plaintiff J.P., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

87.     Defendant Jones subjected Plaintiff J.P. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff J.P.'s person.

### SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant United States)
### (FTCA; California Common Law)

88.     Plaintiff J.P. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

89.     Plaintiff J.P. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendant Jones.

90.     This federal employee engaged in the wrongful conduct alleged while in the course and scope of her employment as a federal employee.

91.     Her position as a correctional officer was essential to her commission of tortious misconduct, which could not have occurred absent her federal employment.

92.     Defendant Jones engaged in outrageous conduct by subjecting Plaintiff J.P. to sexual acts while she was incarcerated as a prisoner in her employer's custody. She abused her authority over Plaintiff J.P. and her power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

93.     Defendant Jones' sexual abuse caused Plaintiff J.P. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

94. Defendant Jones intended to cause Plaintiff J.P. this emotional distress because she knew that emotional distress was likely to result from her sexual abuse of a prisoner.

## EIGHTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant Jones)
### (California Common Law)

95. Plaintiff J.P. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

96. Plaintiff J.P. brings this claim for the intentional infliction of emotional distress against Defendant Jones.

97. Defendant Jones engaged in outrageous conduct by subjecting Plaintiff J.P. to sexual acts while she was incarcerated as a prisoner in her employer's custody. She abused her authority over Plaintiff J.P. and her power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

98. Defendant Jones' sexual abuse caused Plaintiff J.P. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

99. Defendant Jones intended to cause Plaintiff J.P. this emotional distress because she knew that emotional distress was likely to result from her sexual abuse of a prisoner.

## NINTH CLAIM FOR RELIEF
### BANE ACT
### (against all Defendants)
### (FTCA; Cal. Civ. Code § 52.1)

100. Plaintiff J.P. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

101. Plaintiff J.P. was in the custody and control of the United States during all relevant times.

102. Defendant Jones violated Plaintiff J.P.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth

Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

103.    Defendant United States, by the actions of its employee, Defendant Jones, interfered with Plaintiff J.P.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

104.    As a proximate result of these acts, Plaintiff J.P. sustained damage and injury.

## TENTH CLAIM FOR RELIEF
### TRAFFICKING VICTIMS PROTECTION ACT
**(against all Defendants)**
**(18 U.S.C. § 1581, *et seq.*)**

105.    Plaintiff J.P. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

106.    Defendant Jones knowingly recruited, enticed, and solicited Plaintiff J.P. by ordering Plaintiff J.P. to submit to her orders or face discipline.

107.    Defendant Jones made Plaintiff J.P. engage in sex acts through force and coercion.

108.    Defendant United States knew of, or should have reasonably known, that Defendant Jones was coercing Plaintiff J.P. into submitting to sex acts, and benefited by failing to protect Plaintiff J.P.

109.    This conduct has caused Plaintiff J.P. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

## ELEVENTH CLAIM FOR RELIEF
### CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.5)**

110.    Plaintiff J.P. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

111.    Defendant Jones knowingly recruited, enticed, and solicited Plaintiff J.P. by ordering Plaintiff J.P. to submit to her orders or face discipline.

112.    Defendant Jones made Plaintiff J.P. engage in sex acts through force and coercion.

113.    Defendant United States knew or should have known that Defendant Jones was engaged in these activities and intentionally placed Plaintiff J.P. at greater risk of harm and/or failed to act in a manner that protected Plaintiff J.P. from harm.

114.    Defendant United States employed Defendant Jones, whose actions and/or inactions occurred while she was acting as a federal employee under the color of law.

115.    This conduct has caused Plaintiff J.P. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**TWELFTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendant Jones)**
**(Cal. Civ. Code § 52.5)**

116.    Plaintiff J.P. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

117.    Defendant Jones knowingly recruited, enticed, and solicited Plaintiff J.P. by ordering Plaintiff J.P. to submit to her orders or face discipline.

118.    Defendant Jones made Plaintiff J.P. engage in sex acts through force and coercion.

119.    Defendant United States knew or should have known that Defendant Jones was engaged in these activities and intentionally placed Plaintiff J.P. in greater risk of harm and/or failed to act in a manner that protected Plaintiff J.P. from harm.

120.    This conduct has caused Plaintiff J.P. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**PRAYER FOR RELIEF**

121.    Plaintiff J.P. prays for judgment against Defendant, and each of them, as follows:

(a)     An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff J.P. in an amount to be determined at trial;

(b)     An award to Plaintiff J.P. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c)    For such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff J.P. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 4, 2026          SIEGEL, YEE, BRUNNER & MEHTA

By:_____
    EmilyRose Johns

GOLDEN LAW

By: /s/ *Deborah M. Golden*
    Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*